[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for the recovery of monies the plaintiff claims were due him for services performed, monies loaned and expenses incurred for and on behalf of the defendant Eleanor Landry. The defendant, appearing pro se, by her answer undated CT Page 3177 but received and stamped by the court on September 9, 1995, denies the claim of the plaintiff and makes a claim that the plaintiff owes her money. The court will treat the defendants claim against the plaintiff as a counterclaim. There is a companion case of Reginald Finno v. Eleanor Landry CV96-0131924 that was tried before the undersigned immediately prior to the instant matter. Since the instant matter and the Finno case both involve claims that concern the same real property owned by the defendant, and since some of the exhibits and testimony in the Finno case were pertinent in the instant matter, the parties here agreed to consolidate this case with the Finno case. Mrs. Landry appeared pro se in both of these cases and she fully consented to the consolidation since she recognized that it would facilitate the trial of the instant case and because she was very anxious to return to her home in Texas. This matter was tried in November 1996 and the court permitted both parties to submit trial briefs on or before December 11, 1996. Although the plaintiff did submit his brief by the deadline, the pro se defendant Mrs. Landry, communicated with the clerk for extensions in the filing of her brief for a number of reasons. The court granted her requests and her brief was filed on February 13, 1997.
Mrs. Landry owned two parcels of land in the town of Prospect. One parcel consisted of two approved building lots and was referred to as the "Salem Road" piece, the other is a seventeen acre piece know as the "Spring Road" piece. Mrs. Landry also owns property in Storrs, Connecticut. There is no dispute that Mrs. Landry and the Mr. Hicks became friends about ten years ago. They met when Mr. Hicks responded to a "For Sale" sign on the Spring Road property that Mrs. Landry placed on the property herself seeking buyers. For whatever reason, Mr. Hicks took no action to purchase the lots after the initial inquiry. There is no dispute that after this initial meeting that Mrs. Landry and Mr. Hicks did develop a friendship. They agree that they visited each others homes and that on one or more occasions Mrs. Landry did have dinner at Mr. Hicks' home with he and his wife, and on one occasion Mrs. Landry did spend an overnight at the Hicks' home.
On or about 1985, Mrs. Landry moved to Hamden and from that time until the time before the institution of this action, the plaintiff claims to have performed services for the defendant, loaned her money and incurred out of pocket expenses on her behalf. The defendant does not deny that the plaintiff loaned her money or that he may have looked after her property. She claims CT Page 3178 that she allowed the defendant to use garages on her property at no charge and that the reasonable rental value of the garages was an off-set against any monies due the plaintiff on the note and for the minimal work performed on her behalf. The defendant further claims that she asked the Plaintiff to do things that he never in fact did, or did improperly, and denies that she is indebted to him for expenses he claimed she authorized. It is the claim of the defendant that these expenses were never authorized, that Mr. Hicks never told her that he incurred these expenses on her behalf, and that she did not see the bills until she was shown them at this trial. She further claims that when she left for Texas on or about 1993 she gave Mr. Hicks her car which he sold for $500.00, as repayment for anything owed by her to him.
Mr. Hicks further claims, in addition to the aforementioned, that he was asked by Mrs. Landry to assist her in a civil action she brought against an Ann Teti, in which she sought the return of her Prospect properties that Mrs. Teti held in trust for her. The decision rendered in that matter, CV. 117637 Landry v. Teti, was marked as Court Exhibit 1. The court in that matter ordered the Spring Road and Salem Road properties reconvened to Mrs. Landry. It is Mr. Hick's claim here that the defendant, prior to the time she retained an attorney in the Teti matter, asked Mr. Hicks to secure an attorney for her (Ex 46 Finno[1]). It is also the plaintiff's claim that the defendant asked him to come to court as moral support and to look for deeds which she wanted to use as evidence in that case. Mr. Hicks claims compensation for services rendered for the defendant in connection with his help in the Teti matter.
The other disputed claims between these parties centers around the sale of the Salem Road property and the Spring Road property to Mr. Finno. It is Mr. Hicks' position that he was asked by Mrs. Landry to act as her Power of Attorney and to be her local representative to assist her in selling these properties. It is his claim that she asked him to obtain an attorney for her. It is Mr. Hicks' claim that he recommended an attorney, but that she decided to retain the firm of Labriola Labriola the lawyers who represented her in the Teti case. The parties hotly dispute Mr. Hicks' authority to act as Mrs. Laundry's Attorney in Fact in the sale of the Spring Road and Salem Road properties. There seems to be little dispute that Mr. Hicks was asked by Mrs. Landry on or about 1993 to act as her representative with regard her Prospect properties. His actual authority and duties with regard this charge is one of the CT Page 3179 pivotal issues in the Finno matter. Mrs. Landry cannot seriously deny that she gave Mr. Hicks authority to rent and collect rents from the Spring Road property, since she authorized that action by her handwritten note dated 9-3-93. (Ex 47 Finno.) There is little question that Mr. Hicks entered into negotiations with Mr. Finno for the purchase of the Spring and Salem Road properties. Although Mrs. Landry insists that the power of attorney that was actually used by her attorney was "illegal, unlawful, fraudulent and unauthorized by her," she did in fact ultimately convey and execute a deed (Ex 3 Finno), conveying the Salem Road lots to Mr. Finno pursuant to a contract that was signed by Mr. Hicks as her Power of Attorney. (Ex 41 Finno.) Mrs. Landry also accepted the financial benefits derived from the sale of the Salem Road parcel including the balance due her after the payment of all encumbrances. It was after the Salem Road sale that Mrs. Landry fired both Mr. Hicks and Attorneys Labriola and repudiated the Spring Road contract. If Mrs. Landry fired Mr. Hicks which are the words she repeated on numerous occasions during her own testimony and in her questioning of witnesses, then obviously she did at one point retain him to act on her behalf, which is ultimately the subject of this lawsuit.[2]
After hearing the testimony of both parties there is no question that Mr. Hicks did look after the Prospect property from the time Mrs. Landry left Prospect approximately ten years ago. Mr. Hicks' testimony was credible as to all of the work and services he rendered on behalf of the defendant. The court finds that Mr. Hicks rendered services with the expectation that he would be paid. Therefore, the equitable remedy of quantum meruit is applicable. Quantum meruit is available when "the trier of fact determines that an implied contract for services existed between the parties and that, therefore, the plaintiff is entitled to the reasonable value of the services rendered."Burns v. Koellmer, 11 Conn. App. 375, 383,527 A.2d 1210 (1987); Rosick v. Equipment Maintenance Services,Inc., 33 Conn. App. 25, 37, 632 A.2d 1134 (1993). Although Mr. Hicks was a friend of the defendant, the hours[3] he testified he spent on her behalf, was not intended — at least in his mind — to be a gift but rendered with the expectation that he would be paid. Mr. Hicks testified to the many services and chores he performed for the benefit of the defendant. The court is convinced that these services were in fact rendered as he testified that he expected and certainly deserves to be paid a reasonable amount for his efforts. Such a finding by the court is based on the evidence of both parties' course of conduct in CT Page 3180 relation to the actions in question. Enterprise Plumbing Heating v. Cohn, Superior Court, Judicial District of New Haven at New Haven, Docket 317322 (April 2, 1996, Corradino, J.). It is understandable why Mr. Hicks refrained from the collection of his debt for these services until after the sale of the lots and after Mrs. Landry refused to convey the Spring Road property. It was Mr. Hicks' understanding that Mrs. Landry would compensate him between 4% and 5% of the sale proceeds of the Salem and Spring properties as compensation in lieu of an hourly rate. The court, however, does not find that Mrs. Landry ever consented to this arrangement. When Mrs. Landry repudiated the contract with Mr. Finno, and it became evident to Mr. Hicks that Mrs. Landry was not going to compensate him on a percentage basis, or on any basis whatsoever, he instituted this action.
The court is persuaded by the credible testimony of Mr. Hicks that he did perform all of the services he claims to have performed for and on behalf of the defendant. As indicated, the court believes that Mr. Hicks expended 1500 hours on Mrs. Landry's behalf excluding the hours devoted to the sale of the Salem and Spring Road properties. The plaintiff testified that he devoted an additional 100 hours relating to that transaction, which testimony the court finds credible. Mr. Hicks has valued his services at $8.00 per hour which the court finds to be fair. The court therefore will compute the monies due the plaintiff for services rendered to the defendant at $12,800.00 (1600 hrs x $8.00). In addition the court finds that Mr. Hicks was not repaid the $1,500.00 that he loaned to the defendant and that he is entitled to the return of these monies. Mr. Hicks incurred the expenses on behalf of the defendant as alleged for the perk test and the deep hole test, in the total amount of $240.00 for which he should be reimbursed. The court accepts the testimony of Mr. Hicks that he may have used one garage on the Spring Road property for a few months, however, it is unclear whether Mrs. Landry actually had title to the property at the time of this usage since there is no evidence whether this event was before or after the decision of the Teti case (December 9, 1994). Nor was there any credible evidence as to the fair rental value of the garage. The court therefore shall not credit the defendant for the "garage rental" as she sought. There is no dispute that Mrs. Landry gave Mr. Hicks her automobile when she left for Texas and that he sold it for $500.00 and retained the proceeds. Therefore she is entitled to a credit for this amount.
On the complaint the court finds that the plaintiff has CT Page 3181 sustained his burden and is entitled to the fair value of the services that he has rendered on behalf of the defendant in the amount of $12,800.00 plus the return of $1,500.00 loaned to the defendant and those monies paid by him for expenses incurred on her behalf amounting to $240.00. The court will credit the defendant the sum of $500.00 against the above mentioned amounts and therefore render judgment on the complaint on behalf of the plaintiff in the amount of $14,040.00.($14,540.00 — $500.00). The court does not find that the defendant has sustained her burden with respect to her counterclaim. There is no credible evidence that Mr. Hicks is indebted to the defendant.
The court will render Judgement for the plaintiff Hicks on the complaint in the amount of $14,040.00 and Judgement on behalf of the plaintiff Hicks on the counterclaim.
PELLEGRINO